NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000067
12-NOV-2013
09:08 AM

NO. CAAP-12-0000067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GABRIEL L. PIEPER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P111-02243)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Gabriel L. Pieper (**Pieper**) appeals from the Notice of Entry of Judgment and/or Order, filed on January 11, 2012 in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Pieper was found guilty of Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (1993).

On appeal, Pieper contends he was deprived of his right to due process by an unduly suggestive pretrial identification.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pieper's point of error as follows:

Pieper failed to object to any pretrial identification by a percipient witness to the incident. In support of his assertion that he objected to the pretrial identification by the witness, Pieper points to one remark in his closing argument:

---

[1] The Honorable Melanie May presided.

> And one witness says that the attackers were shorter than her, she was six-one and she said they were shorter than her, the other witness says he's six-three and the attackers were taller than him, you know. So their testimony at the bar is not all that great. What they're doing is identifying people who were present at the lineup. And, you know, kind of suggestive.

(Emphasis added).

Counsel's comment during Pieper's closing argument does not constitute an objection to any witness pretrial identification. Even if the remark were considered an objection, the objection was made during closing argument, well after the witness had finished her testimony. "Except as otherwise provided by the rules of court, there shall be no reversal for any alleged error in the admission or rejection of evidence or the giving of or refusing to give an instruction to the jury unless such alleged error was made the subject of an objection noted at the time it was committed or brought to the attention of the court in another appropriate manner." HRS § 641-16 (1993); State v. Mathias, 57 Haw. 96, 101, 550 P.2d 900, 903-04 (1976); Lee v. Elbaum, 77 Hawai'i 446, 452-53, 887 P.2d 656, 662-63 (App. 1993) (point of error waived when no objection to foundation raised until after close of evidence and just prior to settling of jury instructions). Therefore, the point of error is waived.

To the extent that Pieper argues that there was insufficient evidence to convict him because the suggestiveness of the initial identification caused the witnesses' testimony to be unreliable, and therefore, not credible, we reject this argument. "An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence because this is the province of the trial judge." Porter v. Hu, 116 Hawai'i 42, 60, 169 P.3d 994, 1012 (App. 2007) (quoting State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)). In addition, the Hawai'i Supreme Court has

long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

"Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). Upon review, we conclude there was substantial evidence in the record to support Pieper's conviction.

For these reasons, the District Court's January 11, 2012 Notice of Entry of Judgment and/or Order is affirmed.

DATED: Honolulu, Hawai'i, November 12, 2013.

On the briefs:

Walter R. Schoettle
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge